IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BAC LOCAL UNION 15 WELFARE FUND, a Trust Fund, et al., | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) No. 4:22-cv-00563-DGK |
| A.K. LEE CONSTRUCTION, LLC, | )<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER FINDING DEFENDANT LIABLE TO PLAINTIFFS ON COUNTS I-V AND ORDERING DEFENDANT TO PERMIT AN ACCOUNTING FOR DAMAGES

Now before the Court is Plaintiff's Motion for Default Judgment by the Court pursuant to Fed. R. Civ. P. 55(b)(2). ECF No. 4. The Court finds in favor of Plaintiffs on Counts I through V and takes the other requested relief under advisement. Defendant is ordered to permit an accounting by Plaintiffs of all business books and records relating to Plaintiffs' claims from February 1, 2022, to present day. Plaintiffs must file a status report regarding this accounting no later than December 19, 2022. Therefore, the motion is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART.

**Background**

As best the Court can tell, Plaintiffs in this action are five trust funds (the "Funds"), three of which are established as employee benefit plans pursuant to a collective bargaining agreement between the Builders Association of Missouri (the "Association") and the Bricklayers, Masons, and Plasterers International Union (the "Union"). The other two funds are established pursuant to an Agreement and Declaration of Trust by and between an equal number of Union Trustees

and Employer Trustees, which together created said funds. The remaining Plaintiffs in this action are the acting trustees of each of the Funds.[1] *See* Pls.' Compl., ECF No. 1.

According to the Complaint, Defendant A.K. Lee Construction, LLC employed bricklayers performing work covered by the collective bargaining agreements mentioned above. *Id.* at 3–4. Defendant agreed to be bound by the collective bargaining agreements and Trust Agreement (collectively, the "Agreements"). *See id.* at 4, 7, 10, 12, 14. At issue are the three obligations of Defendant under the Agreements. First, Defendant agreed to pay and contribute to the Funds various sums per hour for each employee covered by and subject to the Agreements. Second, Defendant agreed to submit regular written reports detailing the names, hours worked, and amounts contributed for each employee covered by the Agreements. Finally, Defendant agreed to allow Plaintiffs to inspect and make copies of Defendant's books and records to ensure that Defendant's obligations under the Agreements are being faithfully performed. *Id.* at 4–5, 7, 10, 12, 14.

Defendant has allegedly refused to comply with these obligations since February 1, 2022. As such, Plaintiffs filed suit against Defendant under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, on August 31, 2022. The Funds and their trustees seek money damages, including any unpaid fringe benefit contributions and interest, audit costs incurred in the prosecution of the case, and reasonable attorneys' fees. They further seek an order (1) directing an accounting of Defendant's books and records; (2) requiring Defendant make cash deposits in advance of work, enter into an escrow arrangement with Plaintiffs, or post a corporate bond guaranteeing performance under the Agreements; (3) requiring Defendant maintain records sufficient to determine the benefits due to each employee; and (4) requiring

---

[1] Specifically, Dustin Himes and Gregory S. Davey are the acting trustees of the BAC Local Union 15 Welfare Fund and the BAC Local Union 15 Pension Fund. Dustin Himes and Caleb McCandless are the acting trustees of the BAC Local Union 15 Apprenticeship and Training Fund. James Boland and Matthew Aquiline are the acting trustees of the Bricklayers and Trowel Trades International Pension Fund. James Boland and Michael Schmerbeck are the acting trustees of the International Masonry Institute.

Defendant specifically perform all provisions of the Agreements with respect to the reporting and payment of fringe benefit contributions.

On September 13, 2022, Plaintiffs served Defendant's registered agent, Lloyd Cornell Lee with a copy of the summons and Complaint. ECF No. 3. After Defendant failed to respond to the Complaint, Plaintiffs filed a motion for an entry of default against Defendant, as well as a motion for default judgment. ECF Nos. 4–6. The Clerk entered default on October 20, 2022. ECF No. 7. Defendant has not appeared or otherwise taken any action to defend this case.

## Standard

In considering a motion for default judgment, the Court takes as true all factual allegations in the complaint, "except those relating to the amount of damages." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). If the resulting facts constitute a legitimate cause of action, the Court may enter default judgment against a defendant. *Id.*

## Discussion

Each fund separately alleges Defendant violated ERISA's plan-contribution and recordkeeping provisions in Counts I through V.

ERISA provides "strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent [ERISA plan] accounts." *Kern v. Goebel Fixture Co.*, 765 F.3d 871, 875 (8th Cir. 2014) (alteration in original). Specifically, an employer must make contributions to an employee pension benefit plan if required to do so by a collective bargaining agreement. 29 U.S.C. § 1145. Such an employer must maintain records on what benefits are due or may become due to such employees. *Id.* § 1059(a). An employer is civilly liable for violating ERISA provisions or the terms of an agreed upon plan. *Id.* § 1132.

Here, Defendant was obligated to make fringe benefit contributions to the Funds and submit reports detailing the required contributions. Defendant has not made contributions or maintained records of the required contributions since February 1, 2022. This constitutes a violation of ERISA, and Defendant is, therefore, liable to the Funds and their trustees on Counts I through V. *See id.* §§ 1145, 1059(a).

Having found Defendant liable on Counts I through V, the Court must now determine the appropriate relief. Upon default, a court may fix the amount to which a plaintiff is lawfully entitled to recover "by taking evidence when necessary or by computation from facts of record." *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). Alternatively, the court may, when necessary, hold evidentiary hearings to conduct an accounting or determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(A)-(B).

Here, Plaintiffs have not provided any evidence regarding the amount of damages, and the Court cannot award damages based on the Complaint alone. *See e.g.*, *Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir.2001) ("[W]hen a default judgment is entered on a claim for an 'indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding.'") (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir.2001). Therefore, the Court orders Defendant to permit an accounting by Plaintiffs. After this accounting, the Court may hold an evidentiary hearing to determine the amount of damages and the scope of injunctive relief.

## Conclusion

The Court finds in favor of Plaintiffs on Counts I through V and takes the other requested relief under advisement. Defendant is ordered to permit an accounting by Plaintiffs of all business books and records relating to Plaintiffs' claims from February 1, 2022, to present day.

4

Plaintiffs must file a status report regarding this accounting no later than December 19, 2022. Plaintiffs' motion is, therefore, GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART.

**IT IS SO ORDERED.**

Dated:  November 18, 2022               /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT