IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BAC LOCAL UNION 15 WELFARE FUND, a Trust Fund, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:22-cv-00563-DGK ) |
| A.K. LEE CONSTRUCTION, LLC, | ) ) ) |
| Defendant. | ) |

### ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT ORDER

Now before the Court is Plaintiffs' Amended[1] Motion to Vacate the Court's Default Order. ECF No. 21. Plaintiffs request the Court vacate its November 18, 2022, Default Judgment Order (ECF No. 8), pursuant to Federal Rule of Civil Procedure 60(b)(2).[2] For the following reasons, Plaintiffs' motion is GRANTED. The Court's Default Judgment Order (ECF No. 8) is VACATED, and Plaintiffs' Motion for Entry of Damages (ECF No. 12)[3] is DENIED WITHOUT PREJUDICE. Plaintiffs shall file their amended complaint pursuant to Rule 15 on or before August 7, 2023.

### Background

Plaintiffs filed suit against Defendant under the Employee Retirement Income Security Act ("ERISA") on August 31, 2022, for violating its obligations under various collective bargaining agreements and a trust agreement. Specifically, for failing to make fringe benefit contributions and maintain records of those required contributions since February 1, 2022.

---

[1] The Court denied without prejudice Plaintiffs' initial motion to vacate, ECF No. 17, for failure to cite controlling caselaw. ECF No. 19.

[2] Plaintiffs alternatively request relief under Rule 60(b)(1). However, the Court will not address the merits of this argument because it grants relief pursuant to Rule 60(b)(2).

[3] While ECF shows this motion is a "motion for default judgment," it is actually a motion for entry of damages.

On November 18, 2022, the Court granted default judgment on all counts after Defendant failed to answer and ordered Defendant to permit an accounting by Plaintiffs of all business books and records relating to Plaintiffs' claims from February 1, 2022, to present day, in accordance with Plaintiffs' complaint ("Default Judgment Order"). ECF No. 8. Plaintiffs subsequently performed an audit of Defendant's books and records, and requested an entry of damages from January 1, 2020, to July 14, 2022. ECF No. 12. On April 6, 2023, the Court ordered Plaintiffs to file supplemental briefing explaining why the originally requested (and approved) timeframe from February 1, 2022, to date was changed to January 1, 2020, to July 14, 2022. ECF No. 16.

In the present motion before the Court, Plaintiffs explain that their counsel received the audit findings from the accounting of Defendant's books and records ("Audit Findings") on December 20, 2022, over a month after the Court's Default Judgment Order. *See* Mot. at 2. The Audit Findings revealed that Defendant's unpaid contributions dated back to January 1, 2020, instead of February 1, 2022, as set forth in Plaintiffs' complaint. Plaintiffs now want to vacate the Courts' Default Judgment Order so they can file a motion for leave to file an amended complaint, which will request an audit of Defendant's books and records from January 1, 2020, to July 14, 2022 (the "New Timeframe"). Defendant has not responded.

**Standard**

Rule 60(b)(2) allows a Court to grant relief from a final judgment in light of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." This is "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted). District courts have "wide discretion" in ruling on such a motion, and appellate courts "will only reverse for a clear abuse of discretion." *Id.*

In order to prevail under Rule 60(b)(2), a movant must show "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1535 (8th Cir. 1996) (combining (3) and (4)). The motion must be made "no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1).

**Discussion**

Plaintiffs believe the Audit Findings revealing the New Timeframe constitute newly discovered evidence under Rule 60(b)(2). Newly discovered evidence must have been in existence at the time the Court entered its order, but not otherwise available to the party seeking relief. *Compare Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (disclosures were not "newly discovered evidence" because plaintiffs received the disclosures before the court issued its order), *and E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318, 331 (8th Cir. 1986) (evidence of defendant's hiring practices and experiences after trial was not "newly discovered evidence" because it did not exist at the time of trial but was rather formulated afterwards), *with Rosebud Sioux Tribe v. A & P Steel*, 733 F.2d 509, 516 (8th Cir. 1984) (post-trial admission of perjury was "newly discovered evidence" since the perjury existed at the time of trial), *and Chilson v. Metro. Transit Auth.*, 796 F.2d 69, 72 (5th Cir. 1986) (finding trial court erred in holding evidence of overpayment revealed by an internal audit performed after trial was not "newly discovered evidence" because the overpayment existed before trial).

Plaintiffs argue it was impossible to determine Defendant's under-reporting/non-reporting dated back to January 1, 2020, until after an audit was performed due to the parties' reliance on Defendant self-reporting its contributions. And Plaintiffs did not receive the Audit

Findings until after the Court granted Default Judgment wherein it ordered Defendant hand over its books and records to Plaintiff. The Court agrees this is newly discovered evidence within the meaning of the Rule. *See Rosebud Sioux Tribe*, 733 F.2d at 516; *Chilson*, 796 F.2d at 72.

Next, Plaintiffs argue they exercised due diligence to discover the Audit Findings prior to the Court's Default Judgment Order but were unsuccessful because Defendant ignored their requests to conduct an accounting of its books and records and wholly refused to participate in litigation, including discovery. *See* Decl. of Bradley Sollars, ECF No. 21-1. The Court concurs that Defendant refused to participate in this lawsuit, as evidenced by the Default Judgment Order.

Lastly, Plaintiffs argue the Audit Findings are material and not merely cumulative because Plaintiffs filed suit to recover unpaid contributions, and the amount of unpaid contributions directly relates to the amount of damages they are entitled to receive. Had their original complaint contained the New Timeframe of unpaid contributions, Plaintiffs argue they would probably be entitled to receive a larger amount of damages. Based on the findings in its Default Judgment Order, the Court agrees.

## Conclusion

As such, Plaintiffs' motion is GRANTED. The Court's Default Judgment Order (ECF No. 8) is VACATED, and Plaintiffs' Motion for Entry of Damages (ECF No. 12) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: July 31, 2023   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT