IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BAC LOCAL UNION 15 WELFARE FUND, a Trust Fund, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:22-cv-00563-DGK ) |
| A.K. LEE CONSTRUCTION, LLC, | ) ) ) ) |
| Defendant. | ) |

## ORDER GRANTING DEFAULT JUDGMENT AND ENTERING DAMAGES

Now before the Court is Plaintiff's renewed Motion for Default Judgment by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 26. The Court finds in favor of Plaintiffs on Counts I through V and awards damages as described herein. Accordingly, the motion is GRANTED.

### Background

Plaintiffs in this action are five trust funds (the "Funds"), three of which are established as employee benefit plans pursuant to a collective bargaining agreement between the Builders Association of Missouri (the "Association") and the Bricklayers, Masons, and Plasterers International Union (the "Union"). The other two funds are established pursuant to an Agreement and Declaration of Trust by and between an equal number of Union Trustees and Employer Trustees, which together created said funds. The remaining Plaintiffs in this action are the acting trustees of each of the Funds.[1] *See* Pls.' Amended Compl., ECF No. 23.

---

[1] Specifically, Dustin Himes and Gregory S. Davey are the acting trustees of the BAC Local Union 15 Welfare Fund and the BAC Local Union 15 Pension Fund. Dustin Himes and Caleb McCandless are the acting trustees of the BAC Local Union 15 Apprenticeship and Training Fund. James Boland and Matthew Aquiline are the acting trustees of the Bricklayers and Trowel Trades International Pension Fund. James Boland and Michael Schmerbeck are the acting trustees of the International Masonry Institute.

According to the Amended Complaint, Defendant A.K. Lee Construction, LLC employed bricklayers performing work covered by the collective bargaining agreements mentioned above. *Id.* at 3–4. At all relevant times, Defendant agreed to be bound by the collective bargaining agreements and Trust Agreement (collectively, the "Agreements"). At issue are three obligations of Defendant under the Agreements. First, Defendant agreed to pay and contribute to the Funds various sums per hour for each employee covered by and subject to the Agreements. Second, Defendant agreed to submit regular written reports detailing the names, hours worked, and amounts contributed for each employee covered by the Agreements. Finally, Defendant agreed to allow Plaintiffs to inspect and make copies of Defendant's books and records to ensure that Defendant's obligations under the Agreements are being faithfully performed. *Id.* at 4.

Defendant has allegedly refused to comply with these obligations since January 1, 2020.[2] Plaintiffs have filed suit against Defendant under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145. The Funds and their trustees seek money damages, including any unpaid fringe benefit contributions and interest, audit costs incurred in the prosecution of the case, and reasonable attorneys' fees. They further seek an order (1) requiring Defendant specifically perform all provisions of the Agreements with respect to the reporting and payment of fringe benefit contributions; (2) requiring Defendant make cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the Agreements; and (3) requiring Defendant maintain records sufficient to determine the benefits due to each employee.

---

[2] Plaintiffs originally believed Defendant's noncompliance began on February 1, 2022, and filed a complaint alleging such. *See* Compl., ECF No. 1. After Defendant failed to respond, Plaintiffs requested a clerk's entry of default and default judgment. The motion for default judgment requested, among other things, that the Court find Defendant liable on Counts I–V (the same Counts alleged in the Amended Complaint) and order an accounting of Defendant's books and records to determine hours/pay from February 1, 2022, to present. ECF No. 4. The Court entered default judgment, finding Defendant liable on Counts I–V and ordered an accounting. ECF No. 8. The accounting revealed Defendant's noncompliance dated back to January 1, 2020. Accordingly, the Court vacated its Default Judgment Order, *see* ECF No. 22, and Plaintiffs filed an Amended Complaint with the correct dates, *see* Amend. Compl., ECF No. 23.

On August 18, 2023, Plaintiffs served Defendant's registered agent, Lloyd Cornell Lee with a copy of the summons and Amended Complaint. ECF No. 24. After Defendant failed to respond to the Complaint, Plaintiffs filed motions for a clerk's entry of default and default judgment. ECF Nos. 25, 26. The Clerk entered default on September 22, 2023. ECF No. 30. Defendant has not appeared or otherwise taken any action to defend this case to date.

## Standard

In considering a motion for default judgment, the Court takes as true all factual allegations in the complaint, "except those relating to the amount of damages." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). If the resulting facts constitute a legitimate cause of action, the Court may enter default judgment against a defendant. *Id.*

## Discussion

I.   **Defendant is liable to Plaintiffs on Counts I–V.**

Each Fund separately alleges Defendant violated ERISA's plan-contribution and recordkeeping provisions in Counts I through V.

ERISA provides "strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent [ERISA plan] accounts." *Kern v. Goebel Fixture Co.*, 765 F.3d 871, 875 (8th Cir. 2014) (alteration in original). Specifically, an employer must make contributions to an employee pension benefit plan if required to do so by a collective bargaining agreement. 29 U.S.C. § 1145. Such an employer must maintain records on what benefits are due or may become due to such employees. *Id.* § 1059(a). An employer is civilly liable for violating ERISA provisions or the terms of an agreed upon plan. *Id.* § 1132.

Here, Defendant was obligated to make fringe benefit contributions to the Funds and submit reports detailing the required contributions. Defendant has not made contributions or

3

Case 4:22-cv-00563-DGK    Document 37    Filed 03/27/24    Page 3 of 6

maintained records of the required contributions since January 1, 2020. This constitutes a violation of ERISA, and Defendant is, therefore, liable to the Funds and their trustees on Counts I through V. *See id.* §§ 1145, 1059(a).

**II.     Defendant is liable to Plaintiffs for the following damages.**

Having found Defendant liable on all Counts, the Court must determine Plaintiffs' recovery. Once liability under ERISA is established, the Court is required to award Plaintiff damages for: (1) unpaid contributions, (2) interest on the unpaid contributions, (3) liquidated damages, and (4) reasonable attorneys' fees and costs. *Id.* § 1132(g)(2).

Here, Plaintiffs audited Defendant's business books and records relating to Plaintiffs' claims and calculated all unpaid contributions, liquidated damages, and interest owed for the period January 1, 2020, through July 14, 2022. Plaintiffs also submitted affidavits supporting the requested damages, ECF Nos. 28, 35, 36, and attorneys' fees, ECF Nos. 29, 34. Prior to approving attorneys' fees, the Court must determine that the fees are reasonable under ERISA, 29 U.S.C. § 1132(g)(2)(D). *See Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984). That determination rests within the Court's discretion. *Id.*

After careful review of all documents in the record, and considering the reasonableness of the requested attorneys' fees,[3] it is hereby ORDERED that judgment should be entered against Defendant for the following amounts:

---

[3] As an initial matter, Plaintiffs' counsel requests $8,159.41 in attorneys' fees. However, after reviewing the submitted affidavits and time sheets, the Court finds the correct award is $8,159.04. This difference is due to incorrectly distributing costs across four Funds: Pension Fund, Welfare Fund, Supplemental Plan, and Apprenticeship and Training Fund. For instance, in June 2022, Plaintiffs' counsel states they worked 1.3 hours on this case (equaling $311.35 in attorneys' fees), 41% of which was billed to Pension Fund. Plaintiffs' counsel concluded 41% of $311.35 was $129.34. *See* ECF No. 29-1 at 1. The correct figure, however, is $127.65. While the difference is minimal—mere cents in some instances—and Plaintiffs are represented by the same counsel, the Court corrected the attorneys' fees for each Plaintiff throughout this Order. This change in attorneys' fees changed the total amount awarded to each Plaintiff.

With that, the requested $8,159.04 in attorneys' fees represents 30.4 hours billed at 239.50 per hour and $878.24 in costs, including copies, postage, the filing fee, and service fees. Plaintiffs' counsel did not request attorneys' fees for refiling the Amended Complaint with the corrected dates and the subsequent motion for default judgment. The

4

1. To Plaintiff BAC Local Union 15 Welfare Fund: $33,884.88 in unpaid fringe benefit contributions for the period January 1, 2020, through July 14, 2022; $6,754.08 in liquidated damages; $1,243.31 in interest; $2,104.08 in attorneys' fees; and $7,137.59 in audit costs, **for a total of $51,123.94.**

2. To Plaintiff BAC Local Union 15 Pension Fund: $29,283.36 in unpaid fringe benefit contributions for the period of January 1, 2020, through July 14, 2022; $5,834.80 in liquidated damages; $1,078.09 in interest; $2,114.96 in attorneys' fees; and $7,137.59 in audit costs, **for a total of $45,448.80.**

Further, to Plaintiff Supplemental Pension Fund (part of the Plaintiff Pension Fund): $10,159.50 in unpaid fringe benefit contributions for the period of January 1, 2020, through July 14, 2022; $2,024.36 in liquidated damages[4]; $374.45 in interest; $718.46 in attorneys' fees; and $2,437.23 in audit costs,[5] **for a total of $15,714.00.**

3. To Plaintiff BAC Local Union 15 Apprenticeship and Training Fund: $2,931.93 in unpaid fringe benefit contributions for the period of January 1, 2020, through July 14, 2022; $584.45 in liquidated damages; $107.84 in interest; $205.29 in attorneys' fees; and $696.34 in audit costs, **for a total of $4,525.85.**

4. To Plaintiff Bricklayers and Trowel Trades International Pension Fund: $7,942.75 in unpaid fringe benefit contributions for the period of January 1, 2020, through July

---

Court finds, considering the amounts involved and the results obtained for Plaintiffs, the fee request of $8,159.04 is reasonable. *See Carpenters Pension Tr. Fund of Kansas City v. Accurate Indus. Constr.*, No. 4:19-CV-00003-DGK, 2019 WL 13280212, at *3 (W.D. Mo. Apr. 11, 2019) (finding 13.40 hours billed at $225.50 per hour reasonable).

[4] Plaintiffs request $2,204.36 in liquidated damages in their motion for default judgment, ECF No. 26 at 3. However, the auditor's affidavit in support states this figure is $2,024.36. ECF No. 28 at 2. The Court awards the figure in the affidavit (the lesser amount).

[5] Plaintiffs' motion requests "two thousand, four hundred thirty-seven and *45/100* ($2,437.*23*)" in audit costs. ECF No. 26 at 3. Again, while only mere cents off, the Court awards the amount supported by the auditor's affidavit ($2,437.23). ECF No. 28 at 4.

14, 2022; $1,588.63 in liquidated damages; $925.26 in interest; $1,508.13 in attorneys' fees; and $957.48 in audit costs, **for a total of $12,922.25.**

5. To Plaintiff International Masonry Institute: $3,390.61 in unpaid fringe benefit contributions for the period of January 1, 2020, through July 14, 2022; $678.16 in liquidated damages; $396.07 in interest; $1,508.12 in attorneys' fees; and $957.48 in audit costs, **for a total of $6,930.44.**

6. **The total amount of damages is $136,665.28.**

Along with the monetary relief above, it is hereby ORDERED that:

1. Defendant shall specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to Plaintiffs on behalf of employees working under the collective bargaining agreements.

2. Defendant shall put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiffs or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

3. Defendant shall maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

**IT IS SO ORDERED.**

Dated:  March 27, 2024    /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT